IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIQUON E. WEST | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 23-143 |
| | : |
| BANK OF AMERICA, N.A., ET AL. | : |
| | : |

## MEMORANDUM

**SURRICK, J.**                                                                                              **JUNE 15, 2023**

    *Pro se* Plaintiff Kiquon West sues Defendants Bank of America, N.A.[1] (BANA), Cross River Bank (CRB), SmileDirect Club, and Members 1st Federal Credit Union[2] for violations of the Truth in Lending Act (TILA), the Fair Debt Collection Practices Act (FDCPA), and the United States Criminal Code, 18 U.S.C. §§ 893 and 894, for extortionate credit transactions. Defendants BANA, CRB, and Members 1st have each filed motions to dismiss Plaintiff's Complaint, asserting that Plaintiff fails to state a claim under TILA because the right to rescind does not apply to auto loans, that the statute of limitation bars both the TILA and FDCPA claims, and that there is no private right of action under 18 U.S.C. §§ 893 and 894. For the following reasons, the Motion will be granted.

**I.      BACKGROUND**

    Plaintiff alleges that he entered into consumer credit transactions with four different companies on four different dates: CRB on March 30, 2021; SmileDirect Club on July 1, 2021; Members 1st on July 10, 2021, and BANA on June 30, 2021. With regard to the transaction with

---

[1] Bank of America, N.A. was incorrectly named in Plaintiff's Complaint as "Bank of America."
[2] Members 1st Federal Credit Union was incorrectly named in Plaintiff's Complaint as "Members 1st FCU."

BANA, Plaintiff attaches a retail installment sales contract and several other documents relating to his purchase of a used vehicle from Audi Fort Washington on June 30, 2021. (Exhibits to Compl., ECF No. 5, at 3-7.) With regard to the claim against Members 1st, Plaintiff attaches a consumer sales contract with Peruzzi Toyota for the purchase of a Jeep Grand Cherokee on July 10, 2021. (Exhibits to Compl. at 79-82.) Plaintiff allegedly financed this transaction through Members 1st, with his first payment of $731.51 due on August 24, 2021. (Id. at 72-73.) With regard to the claim against CRB, Plaintiff attaches a Truth in Lending Disclosure reflecting a loan from Walmart.com issued to him by CRB, in the amount of $1,933.19. (Exhibits to Compl. at 58-59.) Plaintiff also attaches one page of the corresponding Loan Agreement.

Plaintiff alleges that each of these contracts and loans failed to "disclose[] to the consumer their right to rescind clearly and conspicuously." (Compl., ECF No. 1, at ¶ III.C.) Plaintiff further asserts claims against BANA, CRB, and Members 1st under 15 U.S.C. § 1640 and 18 U.S.C. §§ 893-894 for the failure to make the disclosure. In correspondence that Plaintiff sent to Defendants and attached to the exhibits to his Complaint—entitled "Affidavit of Truth"— Plaintiff also asserts a laundry list of purported FDCPA violations. (Exhibits to Compl. at 53-56.) Plaintiff claims to have suffered harm to his person and his reputation. He seeks to "enforce th[e] federal laws" and monetary compensation of $50,000. (Compl. at V.)

## II.   LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint has facial plausibility when there is enough factual content 'that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When considering a motion to dismiss, the Court must accept as true all factual allegations in the plaintiff's complaint and construe the facts alleged in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See*, *id*. at 211. Courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . ." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556).

"While a plaintiff's factual allegations must be enough to raise a right to relief above a speculative level, complaints filed pro se must be liberally construed." *Muchler v. Greenwald*, 624 F. App'x 794, 797 (3d Cir. 2015) (cleaned up); *see also Smith v. Shop Rite*, No. 17-0907, 2018 WL 2424136, at *2 (M.D. Pa. May 9, 2018) (noting that although "[a] complaint by a pro se litigant is to be liberally construed," "pro se litigants still must allege sufficient facts in their complaint to support a claim" (cleaned up)); *Strader v. U.S. Bank Nat'l Ass'n*, No. 17-684, 2018 U.S. Dist. LEXIS 20249, at *13 n.8 (W.D. Pa. Feb. 7, 2018) ("It is true that pro se plaintiffs are not held to the same standard as lawyers when the Court analyzes formal pleadings, but any pleading must still contain sufficient factual allegations that, when accepted as true, state a claim to relief that is plausible on its face." (cleaned up)).

**III.   DISCUSSION**

   **A.   TILA**

Plaintiff asserts TILA claims against each of the Defendants in this matter. In support of their Motions, Defendants assert that these claims should be dismissed both because they are time barred and because there is no right to rescind in automobile loans. We agree.

   1.   Statute of Limitations

Typically, TILA claims must be brought within one year from the date of the alleged violation. 15 U.S.C. § 1640(e) ("Except as provided in the subsequent sentence, any action under this section may be brought . . . within one year from the date of the occurrence of the violation . . . ."). The one-year statute on disclosure claims generally begins to run no later than the date on which the loan closes. *Dicicco v. Citizens Fin. Grp., Inc.*, No. 15-267, 2015 U.S. Dist. LEXIS 120798, at *32 (E.D. Pa. Sep. 10, 2015) (citing *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 303 (3d Cir. 2010)). "A court may dismiss a complaint for failure to state a claim based on the statute of limitations when it is clear from the face of the complaint that it is time-barred." *Shareef v. Capital*, No. 21-3858, 2022 U.S. Dist. LEXIS 64512, at *5 (E.D. Pa. Apr. 7, 2022).

Here, Plaintiff alleges that Defendants violated TILA by failing to inform him of his right to rescind in three separate consumer credit transactions. Plaintiff alleges he entered into the transaction with CRB on March 30, 2021, with BANA on June 30, 2021, and with Members 1st on July 10, 2021. Therefore, the purported failure to disclose Plaintiff's right to rescind would have occurred on those dates. For his claims to be timely, he needed to file this action before March 30, 2022 against CRB, June 30, 2022 against BANA, and July 10, 2022 against Members 1st. Plaintiff filed this action on January 12, 2023, many months after the expiration of the statute

of limitations for the TILA claim against each Defendant. Plaintiff has also not alleged any facts showing that equitable tolling would apply. Therefore, the Court must grant Defendants' motions to dismiss as to the TILA claims based upon the expired statute of limitations.

2. <u>No Right to Rescind in Auto Loans</u>

In his Complaint, Plaintiff asserts that Defendants violated the TILA by failing to clearly and conspicuously inform him of his right to rescind the transactions, all of which were for vehicles. Defendants assert that Plaintiff's TILA claim should be dismissed against them to the extent it is based on a failure to notify Plaintiff of his right to rescind because that right only applies to residential mortgages, not auto loans. Defendants are correct. The TILA provides that "in the case of any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction . . ." 15 U.S.C.S. § 1635(a). It is well-established that the right to rescind under § 1635(a) does not apply to the purchase of motor vehicles, which is the subject of the transactions at issue here. *See, e.g.*, *West v. Auto*, No. 22-4405, 2023 U.S. Dist. LEXIS 7824, at *7 (E.D. Pa. Jan. 17, 2023) (compiling cases). Therefore, Plaintiff's TILA claim fails as the right to rescind does not apply to the type of transactions at issue here.

B. **FDCPA**

While Plaintiff does not directly raise FDCPA claims in his Complaint, in the exhibits supporting his Complaint Plaintiff alleges various FDCPA violations against CRB and Members 1st in documents entitled "Affidavit[s] of Truth." (Exhibits to Compl. at 52-54, 61-65.) Because Plaintiff is *pro se*, we construe these attachments as asserting a FDCPA claim against the Defendants and therefore will analyze this claim as well. The FDCPA contains a one-year

statute of limitations that commences when the purported violation occurs. 15 U.S.C. § 1692k(d). As discussed above, the court may grant a motion to dismiss when a claim has clearly been brought after the statute of limitations has expired. *Shareef*, 2022 U.S. Dist. LEXIS 64512, at *5.

        1.    <u>Members 1st Credit Union</u>

To the extent that the Complaint can be generously construed to include a FDCPA claim against Members 1st, the exhibits attached to the Complaint and the "Affidavit of Truth" demonstrate that such a claim has expired under the one-year statute of limitations. Plaintiff's attachments show that the first correspondence from Members 1st, in which Plaintiff was advised of his first payment date on his loan, was dated July 15, 2021 (Exhibits to Compl. at 72); the second, reminding him of his payment schedule, was dated August 4, 2021 (*id*. at 73); the third, notifying Plaintiff that his account was past due, was dated September 6, 2021 (*id*. at 74); the fourth, again reminding Plaintiff that his account was past due, was dated September 20, 2021 (*id*. at 75). Even if Plaintiff could assert a purported FDCPA violation on any of the included correspondence, the statute of limitations would have expired on July 15, August 4, September 6, and September 20, 2022, respectively. Plaintiff also attaches a screenshot of an incoming call, purportedly from Members 1st, on September 27, 2021 (*id*. at 78). If Plaintiff conceivably could assert an FDCPA claim related to that call, such claim would have expired on September 27, 2022.

Plaintiff filed this action on January 12, 2023. He has attached no supporting documents or allegations of FDCPA violations that occurred after January 12, 2022. Therefore, any potential FDCPA claim against Members 1st is time barred.

    2.  <u>Cross River Bank</u>

  Similarly, to the extent that the Complaint can be generously construed to include a FDCPA claim against CRB, the exhibits attached to the Complaint and the "Affidavit of Truth" demonstrate that such a claim has expired under the one-year statute of limitations. The exhibits attached as to CRB and the purported FDCPA claim include a Truth in Lending Disclosure with a Loan ID of 3P2N-FPA1 between CRB and Plaintiff executed on July 8, 2021, upon which Plaintiff has hand-drawn several indications of where he believes FDCPA violations have occurred. Any potential FDCPA claim related to that loan would have expired on July 8, 2022 under the applicable one-year statute of limitations. Plaintiff submits no other exhibits or correspondence with CRB related to the FDCPA claims. For these reasons, any potential FDCPA claim against CRB fails.

  **C.**  **Criminal Statutes**

  Plaintiff also asserts claims against the Defendants under 18 U.S.C. §§ 893-894 for extortionate credit transactions. Defendants assert that Plaintiff cannot maintain these claims, as there is no private right of action under these criminal statutes. We agree. Generally, individuals and private parties may not sustain lawsuits under Title 18 of the United State Code. *Mathis v. Phila. Elec. Co.*, 2015 U.S. Dist. LEXIS 184328, *11 (E.D. Pa. July 31, 2015) *aff'd* 644 F. App'x 113, 116 (3d Cir. 2016). This is true of the criminal statutes Plaintiff includes in his Complaint—18 U.S.C. §§ 893 and 894—as they only authorize criminal prosecutions for financing extortionate extensions of credit and collection of credit by extortionate means and do not create a private right of action for civil lawsuits. For this reason, Plaintiff cannot cure the deficiencies in these claims, and they are therefore dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss will be granted. An appropriate Order follows.

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**